CHARLES ABERCROMBIE, plaintiff in error, *vs.* N. BAXTER *et al.*, defendants in error.

That part of the 15th section of the Act of 1870 which authorizes the defendant to elect to give up the property in his possession, for which the contract was made, in full discharge of his indebtedness, impairs the obligation of the plaintiff's contract, and is unconstitutional and void.

Relief Act of 1870. Sureties. Before Judge PARROTT. Gordon Superior Court. April Term, 1871.

By consent this cause was submitted to the Judge for decision upon the following agreed facts. Abercrombie obtained a judgment against Baxter, Baxter sued out a writ of error to the Supreme Court, and gave bond for *supersedeas*. The judgment was affirmed by the Supreme Court, and a motion was made to enter judgment against the sureties on said *supersedeas* bond. Pending this motion the *fi. fa.* against Baker was attacked by an oath of illegality. It made this case: In 1860 Abercrombie sold Baxter certain land at

$3000 00, part cash and balance on credit. The note was not paid, and in October, 1869, Abercrombie obtained a judgment thereon against Baxter for $2,422 00, principal, and $1,131 73, interest, and on this judgment said *fi. fa.* issued. It was levied on said land without an affidavit by Abercrombie that he had paid all taxes due on the debt as required by the Relief Act of 1870. Baxter being in possession of the land when the suit was brought, and ever since, made a deed conveying it to Abercrombie, and tendered the same to him in satisfaction of said judgment, offering Abercrombie immediate possession of the premises under said deed. Abercrombie refused to accept this proposition and proceeded to have the land sold under his *fi. fa.* Then Baxter filed his affidavit under said Relief Law, based upon said facts. The land is worth but $1,200 00 now. No question of Baxter's losses by the war was submitted. Upon these facts the Judge decided that the illegality should be sustained, and ordered the judgment to be entered satisfied upon Baxter conveying title and possession of said premises to Abercrombie, and therefore also refused to allow judgment entered against said sureties. This is assigned as error.

D. A. WALKER, for plaintiff in error. Relief Act unconstitutional because it impairs obligations of contracts. Judgments *vs.* Sureties. Robinson *vs.* Dumas, January Term, 1871. Acts of 1870, page 92.

W. H. DABNEY, for defendants.

WARNER, Judge.

This was an affidavit of illegality to an execution on the ground that the defendant had elected to give up the land which was the consideration of the debt for which the execution was issued to collect, in full discharge of his indebtedness to the plaintiff under the provisions of the 15th section of the Act of 1870. The Court sustained the affidavit

of illegality, and ordered that the title to the land be vested in the plaintiff, and the execution against the defendant, Baxter, be entered satisfied, to which ruling of the Court the plaintiff excepted. This case comes within the principles of the decision in *Gunn vs. Hendry*, decided during the present term. So much of the 15th section of the above recited Act as authorizes the defendant to elect to give up the property in his possession for which the contract was made, in full discharge of his indebtedness, impairs the obligation of the plaintiff's contract, and is unconstitutional and void.

Let the judgment of the Court below be reversed.